Farah Tabibkhoei (SBN 266312)
REED SMITH LLP
355 S. Grand. Ave. Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8219
Fax: (213) 457-8080
Email: FTabibkhoei@reedsmith.com

James C. Pistorino (SBN 226496)
PARRISH LAW OFFICES
224 Lexington Dr.
Menlo Park, CA 94025-2910
Telephone: (650) 400-0043
Email: james@dparrishlaw.com
Attorneys for Plaintiff Anne Komatsu

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE KOMATSU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALEX AZAR, in his capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Case No. 8:20-cv-00280-JVS-JDE<br><br>**PLAINTIFF ANNE KOMATSU'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS** |

## I. INTRODUCTION

The Secretary contends that this action should be dismissed, purportedly because Mrs. Komatsu lacks standing as the Medicare Appeals Council did not find Mrs. Komatsu liable for the cost of the device under the Medicare program. *See* Dkt. #43 at 5. Even if Mrs. Komatsu were to suffer no economic injury, Mrs. Komatsu has standing because she has been denied her substantive statutory right to Medicare benefits and that, in and of itself, confers an injury. Further, Mrs. Komatsu also suffered injury because, if the denial is not reversed, Mrs. Komatsu will be charged with present knowledge of the denial, thereby precluding recovery under 42 U.S.C. § 1395pp on future claims. The Secretary's arguments are without merit.[1]

## II. LEGAL ARGUMENT

As described by the Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), the constitutional minimum of standing has three requirements. First, plaintiff must have suffered an injury in fact, i.e., an invasion of a legally protected interest, which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. Third, it must be likely that the injury will be redressed by a favorable decision. *Id.* at 560.

Congress may create a statutory right or entitlement, the deprivation of which can confer standing to sue even where the plaintiff has suffered no judicially cognizable injury in the absence of the statute. *See Warth v. Seldin*, 422 U.S. 490, 514 (1975).

---

[1] As the Court may be aware, courts around the country are currently considering the issue of whether the Secretary is collaterally estopped from denying claims as a result of the prior litigation before ALJs/the Medicare Appeals Council. While Mrs. Komatsu has been prepared to move for summary judgment on that issue in this Court, Mrs. Komatsu has delayed doing so in order to allow time for those other, more advanced cases to proceed. Developments in those cases may assist this Court in its consideration of the issue and, thereby, minimize the burden on this Court.

- 1 –

PLAINTIFF ANNE KOMATSU'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

That is, with respect to certain statutes, the alleged violation of a substantive statutory right is, alone, a sufficient injury in fact to give rise to Article III standing. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n. 3 (1973) ("Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute."). Thus, in these circumstances, monetary injury is not the touchstone of standing. Rather, it is the denial of a substantive statutory right.

**A. The Denial of Medicare Benefits Confers Standing on Mrs. Komatsu**

There can hardly be a doubt that Medicare benefits are an entitlement created by Congress, the denial of which confers standing. *See* 42 U.S.C. § 405(g) ("Any individual … may obtain a review of such decision"); 42 U.S.C § 1395ff(a)(1)(A) ("whether an individual is entitled to benefits"); *Heckler v. Ringer*, 466 U.S. 602, 620 (1984) ("the Medicare Act provides both the substance and the standing for [the plaintiff's] claim"). Thus, because Mrs. Komatsu has been denied her Congressionally-created entitlement to Medicare coverage, she has suffered an injury, and that injury can be redressed by a decision ordering coverage.

The Secretary's claims regarding an alleged lack of economic injury do not change the analysis. Multiple courts have rejected the notion that economic injury is a requirement for standing in Medicare claim denial cases. *See, e.g., Ryan v. Burwell*, 2015 WL 4545806 at *5-7 (D. Vt. July 27, 2015) (plaintiff had standing even though Medicaid paid claims denied by Medicare); *Anderson v. Sebelius*, 2010 WL 4273238 at *3 (D. Vt. Oct. 25, 2010) (although administrative law judge waived plaintiff's financial liability for services delivered, plaintiff still had standing); *Longobardi v. Bowen*, 1988 WL 235576 at *2 (D. Conn. Oct. 25, 1988) (plaintiff had standing even though Medicaid paid claims denied by Medicare); *Martinez v. Bowen*, 655 F. Supp. 95, 99 (D.N.M. 1986) (same).

As detailed in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), the mere violation of a "procedural right" *may* be sufficient to confer standing. *Id*. at 1549. That said, there is a difference between a "procedural right" and a "substantive right." As cogently explained by one court:

> A "procedural right" is defined as "a right that derives from legal or administrative procedure; a right that helps in the protection or enforcement of a substantive right." In contrast, a "substantive right" is "a right that can be protected or enforced by law; a right of substance rather than form."

*See Bock v. Pressler & Pressler, LLP*, 254 F. Supp. 3d 724, 732 (D.N.J. 2017) (internal citations and quotations omitted). Here, as set forth in the Complaint, Mrs. Komatsu alleges a violation of her substantive right to payment of her Medicare claim. That the Secretary asserts that someone other than Medicare should bear the expense of the claim does not change the violation of Mrs. Komatsu's substantive right to Medicare payment. Thus, again, Mrs. Komatsu has standing.

Under the Medicare statute, Mrs. Komatsu is entitled to have "payment made to [her] or on [her] behalf" for covered services. *See* 42 U.S.C. § 1395k(a). Thus, the statutory right conferred on Mrs. Komatsu is payment for covered services, not the provision of the services themselves. Here, it is undisputed that Mrs. Komatsu did not receive that. Thus, as forth in *Tholes v. U.S. Bank N.A.*, 140 S.Ct. 1615 (2020), Mrs. Komatsu has standing because winning or losing this suit will change whether she receives what she is entitled to by the statute. *Id.* at 1622.

**B. Mrs. Komatsu Will Be Charged With Knowledge Of The Rejected Claim And Lose The Right To Potential Recovery Of Benefits, If The Claim Denial Is Not Reversed**

Beyond the denial of her substantive statutory rights, it is not correct to say that Mrs. Komatsu will suffer no injury if the claim denial is not reversed. *See* Dkt. #43 at

- 3 –

6. As the *Ryan* and *Anderson* courts recognized, a decision denying coverage that stands has significant effects on financial liability for subsequent claims for coverage. Pursuant to 42 U.S.C. § 1395pp(b) and (c), even if a claim is denied, if the beneficiary neither knew nor had reason to know that the claim might not be covered, then the claim will still be paid on a one time basis (*i.e.*, a sort of "Mulligan"). Conversely, if a claim is denied and not reversed, then on subsequent claims, the beneficiary will not be able to recover under those provisions and the beneficiary is placed at risk for being personally liable for the claim. That is, the beneficiary will be charged with knowledge of the rejected claim and, therefore, lose the right to potential recovery under the statute. *See also* 42 C.F.R. § 411.404(b). Indeed, administrative law judges have so held with regard to other beneficiaries. *See* Exhibit A attached hereto.

The present harm to Mrs. Komatsu is that she is now legally charged with the knowledge of a denial of her claim. This knowledge will foreclose recovery for Mrs. Komatsu under the statute and expose her to financial liability on future claims. That this is a present harm is illustrated by the fact that, unless reversed now, Mrs. Komatsu will have no avenue to challenge the denial in this case when considered in a future case. If a future claim by Mrs. Komatsu is denied, she will not have a right to recovery under 42 U.S.C. § 1395pp and may be personally liable for those expenses, solely because of the denial in this case. Further, in future cases, Mrs. Komatsu will not be able to challenge the correctness of the decision in this case. Clearly, Mrs. Komatsu has suffered a present harm from the denial in this case. Considered differently, Mrs. Komatsu suffers "the risk of real harm" and, therefore, has standing. *Spokeo*, 136 S.Ct. at 1549.

In this case, as in *Ryan*, Mrs. Komatsu suffers from a chronic/incurable condition and will need tumor treatment field therapy (TTFT) treatment for the remainder of her life. That Mrs. Komatsu will have subsequent claims is, therefore, not speculative.

Being subjected to personal liability is an obvious harm of the decision denying coverage to Mrs. Komatsu. This is a harm to Mrs. Komatsu that can be remedied by this Court.

In addition to its direct impact on Mrs. Komatsu, a consequence of a denial will be to put the supplier (Novocure, Inc.) on notice of potential non-coverage. Thus, if Novocure does not want to be potentially liable for Mrs. Komatsu's future treatment, it will need to have Mrs. Komatsu sign an Advanced Beneficiary Notice (ABN).[2] Therefore, unless the decision is reversed, Mrs. Komatsu may be put to the choice of financially harming her family by receiving life-extending care *or* foregoing treatment and markedly reducing her chances of extra months or years of life. That is a choice Mrs. Komatsu should not be put to and can be avoided if the decision is reversed.

To date, the only known court to rule otherwise is *Pehoviack v. Azar*, Case No. 20-CV-661 (C.D. Cal.). While the Secretary attempts to rely on the *Pehoviack* case, the Secretary neglects to mention an important fact – the *Pehoviack* case is non-final and is the subject of an appeal pending in the Ninth Circuit. Respectfully, the *Pehoviack* court did not appear to appreciate the "procedural/substantive" jurisdictional distinction and/or *Spokeo*'s discussion of the "risk of future harm" as a basis for jurisdiction. Thus, the *Pehoviack* case offers little guidance to this Court.

### III.  CONCLUSION

For the foregoing reasons, the Secretary's Motion to Dismiss should be denied.

Dated: August 31, 2020

REED SMITH LLP

 */s/*
FARAH TABIBKHOEI

-  and-

---

[2] An ABN is a document putting the beneficiary on notice that the claim may not be paid (or paid in full) by Medicare and that, if so, that the beneficiary is personally liable for any amount not paid.

- 5 –

PLAINTIFF ANNE KOMATSU'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS

PARRISH LAW OFFICES

   */s/*
JAMES C. PISTORINO
Attorneys for Plaintiff Anne Komatsu

PLAINTIFF ANNE KOMATSU'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS