JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00280JVS(JDEx) | Date | 9/24/20 |
| Title | Anne Komatsu v. Alex Azar | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present             Not Present

**Proceedings:   [IN CHAMBERS] Order Regarding Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings**

    Plaintiff Anne Komatsu ("Komatsu") first filed suit against Alex Azar in his official capacity as Secretary of the United States' Department of Health and Human Services, (the "Government"), on February 11, 2020, appealing the decisions of Administrative Law Judges ("ALJ") and the Medicare Appeals Council ("MAC") denying Komatsu coverage of her Medicare claims. Dkt. No. 1. The Government filed a motion to dismiss the case and attached as exhibits Komatsu's denials and subsequent appeals, as well as other materials in support of its motion. Dkt. 19. Komatsu opposed the motion and attached the decisions denying her Medicare coverage as an exhibit in support of her opposition. Dkt. No. 20. The Government replied, reaffirming that Komatsu lacked standing. Dkt. No. 21.

    For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

    Komatsu, a Medicare recipient, suffers from glioblastoma multiforme ("GBM") for which she had been prescribed and also received tumor treatment field therapy ("TTFT"). Compl. at ¶ 13, Dkt. No. 1. While Komatsu received two favorable decisions from ALJs affirming Medicare coverage of TTFT, an ALJ subsequently rejected her claims. Id. at ¶ 14. After those denials (Claim Nos. 1-8411055191, 1-8411055450, and 3-8503660334), Komatsu appealed the decisions and filed a notice of escalation. Id. at ¶¶ 22-23. MAC subsequently authorized judicial review. Id. at ¶ 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00280JVS(JDEx)                              Date  9/24/20

Title  Anne Komatsu v. Alex Azar

    Komatsu alleges six claims against the government, one under 42 U.S.C. § 405(g), and 5 for various violations of the Administrative Procedure Act (5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), and 706(2)(D). The key claims allege that the Secretary's decision to deny payment was arbitrary and capricious, that the Secretary unreasonably or unlawfully withheld payment, that the Secretary should be directed to make payment for those Medicare claims, and finally, that Komatsu's Medicare claims should be covered by Medicare. Id. at ¶¶ 26-27.

    On August 24, 2020, the Government moved to dismiss the case for lack of subject matter jurisdiction and for judgment on the pleadings, claiming that Komatsu lacked Article III standing because she suffered no injury-in-fact. Dkt. No. 19.

## II. LEGAL STANDARD

### A.  Article III Standing

    Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011). To have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013) (citation and internal quotation marks omitted).

### B.  Motion for Judgment on the Pleadings

    Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-00280JVS(JDEx) | Date | 9/24/20 |
|---|---|---|---|

| Title | Anne Komatsu v. Alex Azar |
|---|---|

court should grant a motion for judgment on the pleadings if, "taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." McSherry v. City of Long Beach, 423 F.3d 1015, 1021 (9th Cir. 2005). The same standard as a Rule 12(b)(6) motion governs a Rule 12(c) motion. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012); United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

C.   **Motion to Dismiss**

In resolving a 12(b)(6) motion, a court uses a two-pronged approach. First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nor must a court "accept as true a legal conclusion couched as a factual allegation." Id. at 678–80 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County. of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00280JVS(JDEx) | Date | 9/24/20 |
| Title | Anne Komatsu v. Alex Azar | | |

### III. DISCUSSION

This action must be dismissed as Komatsu lacks Article III standing. Komatsu has suffered no injury. Even though Komatsu's requests for coverage were denied and her appeals were rejected, her provider bears the financial burden for paying for those services, not her. See Dkt. No. 20-3 (incorporated by reference in Komatsu's complaint as Appeal No. 1-8411055450). Komatsu's responses to the same are unavailing. In her opposition, Komatsu argues that a denial of a Medicare benefits confers standing or that she could be personally liable for future treatments. Opp'n at 2-5, Dkt No. 20. But she does not cite any binding law to demonstrate that such a denial of benefits alone confers standing. And while Komatsu could be liable for future treatments, she has not demonstrated that the threatened injury, the possibility of her being financially responsible for TTFT, is "certainly impending." Absent such a showing, her injury is merely hypothetical or conjectural, and therefore, one that the Court lacks power to redress. Clapper v. Amnesty Intern. USA, 568 U.S. 398, 409 (2013).

Moreover, the Court finds no reason to deviate from the prior decision in Pehoviack v. Azar. SACV 20-00661-DOC-KES (C.D. Cal. July 22, 2020). Pehoviack involved a set of similar, if not identical, claims and background. Id. at 1. Like Komatsu, Pehoviack suffered from GBM and had been receiving TTFT. Id. Additionally, similar to the present case, Medicare had covered prior instances of that treatment, but had since stopped. Id. at 2. Pehoviack appealed, but her appeals were similarly denied. Id. at 2. Pehoviack eventually filed suit, but the court granted the Government's motion to dismiss, finding that Pehoviack had lacked Article III standing.

While the Court recognizes Komatsu's apprehension over her denial of benefits, she has not yet directly experienced any injury stemming from the denials of coverage, and thus, lacks standing.

//

//

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-00280JVS(JDEx)                                      Date   9/24/20

Title   Anne Komatsu v. Alex Azar

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**

|                          | :   | 0 |
|--------------------------|-----|---|
| Initials of Preparer     | lmb |   |